UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE J. LEVERT-HILL, | ) | Case No. 1:25 CV 02297 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| METROHEALTH SYSTEM, et al., | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants | ) | AND ORDER |

## I. INTRODUCTION

*Pro se* plaintiff Billie J. Levert-Hill filed this civil rights action against MetroHealth System and Maria Fuentes, reportedly a MetroHealth employee. Plaintiff alleges in the complaint that the defendants canceled several medical procedures that had been approved by insurance. Plaintiff does not identify any legal claims in her complaint, but she states that she brings this action "based upon Malpractice and Financial and Emotional Distress." (ECF No. 1, PageID #1.) Plaintiff also states that she believes her procedures were "vindictively canceled" because she is a Medicaid and Medicare recipient and "due to racial profiling." (*Id.*, PageID #2.) Finally, she alleges that Defendant Fuentes prepared a fraudulent email when she forged a physician's signature on an email canceling Plaintiff's

surgeries. (*Id.*)

Plaintiff also filed an application to proceed *in forma pauperis*. (ECF No. 2.) That application is granted.

## II. BACKGROUND

Plaintiff states that Aetna, her insurance carrier, approved the following surgical procedures: (1) Excision Skin ABD Infraumbilical Panniculectomy; (2) Excision Skin and subsequent tissue abdomen; and (3) Brachioplasty. (ECF No. 1, PageID #2.) She claims to attach two exhibits (Exhibit A and Exhibit B) to the complaint– Aetna's authorization letters– as proof. However, there are no exhibits attached to Plaintiff's complaint. Plaintiff states that although the procedures were approved, on October 22, 2024, she received a call from Maria Fuentes, an employee in the MetroHealth Finance Department, stating that although the procedures were fully approved, she considered them cosmetic, and therefore, she was canceling the procedures. Plaintiff states that she overheard Fuentes comment, "These people always want something for nothing," which Plaintiff believes was directed at the fact that Plaintiff is on Medicaid and Medicare. (*Id.*)

According to the complaint, moments after the conversation with Fuentes, Plaintiff received an email from Dr. Kaufman refusing to perform the procedures purportedly approved by Aetna. Plaintiff claims that she confronted Dr. Kaufman about the email and he denied writing the correspondence. Plaintiff concludes that Fuentes fraudulently created this email and forged Dr. Kaufman's signature. Plaintiff then deduces that Fuentes "vindictively canceled the surgery due to the sole fact that [Plaintiff] was a Medicare and Medicaid recipient and due to racial profiling." (*Id.*)

Plaintiff generically alleges that MetroHealth and Maria Fuentes owe Plaintiff a "core of ethical duty" of "beneficence," "non-maleficence," and "justice." (*Id.*) She also contends that

physicians and hospitals have a duty to "practice fairly, ensuring the healthcare resources are used equitably and that care is provided without bias based upon characteristics such as race, gender, or social standing" and "these principles require hospitals and physicians to provide competent, compassionate care, to be honest and to advocate for their patient's well-being and rights." (*Id.*, PageID ##2-3.)

Plaintiff seeks one billion dollars in damages.

### III. DISCUSSION

### A. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted where it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Fed. R. Civ. P. 8(a)(2). The factual allegations in the pleading

must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**B. Analysis**

This Complaint fails to establish a basis for federal court subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, federal courts have only the authority to decide cases that the Constitution and Congress empower them to resolve. *Id.* Consequently, ""i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish

diversity of citizenship, a plaintiff must establish that he or she is a citizen of one state and all of the defendants are citizens of others. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Diversity of citizenship does not exist in this case. Plaintiff indicates that she lives in East Cleveland, Ohio, and she lists Ohio addresses for the defendants. The complaint, as written, suggests that the plaintiff and defendants are all citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship. Therefore, if federal jurisdiction exists in this case, it must be based on a claimed violation of federal law.

In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475.

Here, Plaintiff has not identified any federal claims in her complaint. She states that her complaint is based on "Malpractice and Financial and Emotional Distress" and that hospitals and physicians have a duty to provide competent and compassionate care to their patients. She also

includes allegations such as fraud and forgery. All of these statements suggest Plaintiff is attempting to assert tort claims arising under state law. Similarly, she mentions "racial profiling" and makes a general statement that healthcare providers have a duty of care that should not be based on "characteristics such as…race, gender, or social standing." She does not allege any facts to suggest that her race or gender was a motivating factor in any of the events that occurred, nor does she identify a legal claim she may be attempting to assert. And although she appears to attribute her status as a Medicaid and Medicare recipient to the cancellation of surgeries, she provides only a conclusory statement in support of her belief, and she fails to identify any associated legal claim she may be attempting. It is not the role of the Court to identify all possible, but unpled, claims and then proceed to test each of those claims for legal viability. Even liberally construed, Plaintiff has failed to identify a federal question she intends to assert in this case and the Court is unable to infer one from the limited facts and assertions in the complaint.

## IV. CONCLUSION

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (ECF No. 2). And for the foregoing reasons, the Court dismisses this action pursuant to 28 U.S.C. §1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.   */s/ SOLOMON OLIVER, JR.*
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

February 5, 2026